972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Colin GELFORD, Plaintiff-Appellant,
v.
Daniel BERTRAND, et al., Defendants-Appellees.
 No. 91-2821.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1992.*
Decided July 28, 1992.
 
 Before EASTERBROOK, and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 Colin Gelford appeals the district court's grant of summary judgment to the defendants. Gelford filed this suit under 42 U.S.C. § 1983 alleging deliberate indifference to his safety in violation of the eighth amendment.[1] The material facts are not in dispute. What is disputed is whether the defendants are entitled to judgment as a matter of law.
 
 I. FACTS
 
 2
 Gelford was convicted of burglary and sentenced to two years' imprisonment. Gelford was classified as a "vulnerable" inmate, a determination based on factors including size, age, emotional state, low intellectual ability, and lack of criminal sophistication. Prison officials may consider a prisoner's vulnerability when making housing, program, and work assignments. Nothing in state law mandates that a "vulnerable" inmate be housed in a single cell.
 
 
 3
 On April 8, 1986, Gelford was transferred to the Green Bay Correctional Institution. The file containing his initial assessment arrived several days later. Gelford arrived with a "face card," which contains information on which initial placement decisions are made. This card did not indicate that he was a vulnerable inmate or that a special cell assignment should be considered. The defendants introduced evidence that when an inmate's vulnerability is an overriding concern, such information is written on the face card. Defendant Francis Lardinois was on duty when Gelford arrived at the receiving and segregation unit, where new inmates stay for one to two weeks, and made the cell assignment based on the face card.
 
 
 4
 Gelford was placed in a cell with Brian Holub, who was being housed in the area because of his inability to get along with his previous cellmate. Holub was serving time for armed robbery and aggravated battery of a county jail inmate.[2] In December 1985 and again in January 1986, Holub was disciplined for fighting with other inmates. On April 2, 1986, Green Bay's Program Review Committee recommended that Holub be transferred to the Wisconsin Resources Center because he needed clinical services for his emotional instability. The Committee also tentatively concluded that Holub required a "special placement" based upon the two earlier fights. Holub was to stay in the receiving and segregation unit until a decision was made on the transfer or until he received a new cell assignment in the general population.
 
 
 5
 According to the defendants, Holub was not "red-tagged" as an aggressive or dangerous inmate. Based on his review of Holub's entire conduct file, defendant Daniel Bertrand, the security warden, concluded that Holub's conduct did not indicate that he was "a particularly violent or aggressive inmate." No precautions were taken to protect others from Holub.
 
 
 6
 On April 15, 1987, Holub and Gelford got into a fight, and Holub stabbed Gelford in the hand with a piece of mirror. Gelford received five stitches for his injury. Gelford claims that Bertrand and Lardinois violated the eighth amendment by placing a newly-received vulnerable inmate in a cell with a violent prisoner.
 
 II. ANALYSIS
 
 7
 To succeed on his eighth amendment claim, Gelford must demonstrate that the defendants acted with "a sufficiently culpable state of mind." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992) (quoting Wilson v. Seiter, 111 S.Ct. 2321 at 2326, 2329 (1991)). In the context of inmate safety, "total unconcern for a prisoner's welfare--coupled with serious risks--is the functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991), cert. denied, 112 S.Ct. 1265 (1992). Such "recklessness violates the eighth amendment only if the prison official had 'actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.' " Id. at 348 (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir.1985)).
 
 
 8
 The defendants argue that Gelford cannot demonstrate that they acted with the requisite intent. Gelford argues that his classification as a vulnerable inmate coupled with Holub's "history of violence" satisfies the intent requirement, or at least presents a triable issue of fact. It does not. Gelford has not presented evidence from which a jury could infer that the prison officials acted with the intent to cause him harm.
 
 
 9
 "Prisons are dangerous places." McGill, 944 F.2d at 345. It is not uncommon for inmates to fight with each other. The evidence shows that prison officials did not believe that Holub's conduct was so unusual that he was to be considered dangerous, compared with the risks posed by other prisoners--all of whom have an established willingness to violate social norms. (That's why they are prisoners.) Prison officials found Gelford to be only marginally vulnerable. Gelford has presented nothing to contradict this evidence. Even if the prison officials were wrong in their categorization of these two inmates, their conduct would be negligent, at most. "Ordinary negligence and even 'gross negligence' in the tort sense are not enough." Id. at 348 (citing Franzen, 780 F.2d at 652-53).
 
 
 10
 Gelford also challenges two evidentiary rulings made by the district court. First, the court refused to consider the affidavits of two inmates who, after Gelford was stabbed, witnessed acts of hostility by Holub. The district court correctly found that these affidavits are inadmissible. It is only the defendants' knowledge of Holub's conduct prior to the date of the assault that is relevant. Gelford also complains about the district court's ruling on the admissibility of his prior convictions in the event that the case would proceed to trial. Because we have held that there is no triable issue, this question is moot.
 
 The district court's judgment is
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs,t he court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [1]
 The district court originally denied Gelford leave to proceed in forma pauperis on this claim while allowing him to proceed on his allegation that he was placed in punitive segregation while in receiving status at the prison in violation of due process. In an earlier appeal, Gelford v. Clusen, No. 90-1222 (7th Cir. Jan. 7, 1991), this Court affirmed the district court's grant of summary judgment on the due process claim but reversed the district court's denial of Gelford's request to proceed in forma pauperis on the eighth amendment claim
 
 
 [2]
 The defendants state that Holub was charged with but not convicted of the battery. The record is unclear on this point. This factual dispute is not material to our decision